IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joshua Lynn Robinson, | ) | Case No 6:25-cv-07812-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Greenville County, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis ("ifp"). ECF No. 10. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On October 16, 2025, the Magistrate Judge issued a Report recommending that the motion for leave to proceed ifp be denied. ECF No. 14. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Upon de novo consideration of the record in this case, the applicable law, and the First Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge.  Plaintiff, an incarcerated person proceeding pro se, has previously filed at least three cases which qualify as a strike under the Prison Litigation Reform Act, 29 U.S.C. § 1915(g) ("PLRA").  He therefore cannot proceed in forma pauperis unless he satisfies the exception for "imminent danger of serious physical injury" provided by the three-strikes rule. *See id.*; *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010).  In his objections, Plaintiff makes allegations about his hand, states that he was in imminent danger in 2024, and claims that guards told him that they were going to kill him on October 17, 2025.   The Court agrees with the Magistrate Judge that these allegations are "wholly conclusory and lack some basis in the record or complaint."  *See Hall v. United States of America*, 44 F.4th 218 (4th Cir. 2022) (holding that "the district court must determine whether these allegations are supported by the record and whether they rise to the level of imminent danger").  Further, Plaintiff has not established that he was in imminent danger at the time the complaint was filed nor has he established any nexus between the

2

allegations in the complaint or amended complaint and his assertions of imminent danger.

Accordingly, the Court adopts the Report of the Magistrate Judge and denies Plaintiff's

motion for leave to proceed ifp.

## **CONCLUSION**

The Court adopts the recommendations of the Magistrate Judge.  Plaintiff's motion

to proceed in forma pauperis [10] is **DENIED**.  Plaintiff is **DIRECTED** to pay the full filing

fee of $405[1] within 21 days of the date of this Order.  If Plaintiff chooses not to pay the

filing fee by that time, this matter shall be dismissed without prejudice pursuant to 28

U.S.C. § 1915(g).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 20, 2026
Spartanburg, South Carolina

---

[1] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350.  On December 1, 2023, the administrative filing fee increased to $55.  Any check for the filing fee should be made payable to "Clerk, U.S. District Court."